NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICIA ANN THOMAS, | No. 18-35866 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00912-MC |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted November 7, 2019[**]
Portland, Oregon

Before: GILMAN,[***] PAEZ, and RAWLINSON, Circuit Judges.

Patricia Ann Thomas appeals the district court's judgment, which affirmed

the administrative law judge's (ALJ's) determination that Thomas is no longer

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

disabled. We review de novo the district court's judgment and will reverse only if the ALJ's decision was not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

1. The ALJ's decision to discount certain aspects of Thomas's testimony about the severity of her symptoms was based on "specific, clear and convincing reasons." *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Most notably, the ALJ determined that the objective medical evidence in Thomas's case is inconsistent with her testimony. This analysis was based on a comprehensive neurological examination of Thomas conducted in February 2013, along with other assessments completed during her treatment. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). This reason alone is thus sufficient to support the ALJ's adverse credibility finding in this case. *See id.* at 1162–63.

2. The ALJ did not err in evaluating the lay-witness statements of Thomas's father, Albert Thomas. Contrary to Thomas's suggestion, the ALJ did not disregard or discount these statements. Rather, the ALJ took account of Albert's description of Thomas's daily activities, as well as his testimony regarding her difficulties in various aspects of life. Because Albert's statements "regarding the claimant's activities of daily living suggest [that] she is capable of at least simple

tasks," the ALJ reasoned that those statements did not support a finding of disability. The ALJ did, however, find the statements "somewhat persuasive in terms of identifying areas in which the claimant experiences limitations." If the ALJ's findings are supported by inferences reasonably drawn from the record, they will be upheld. *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). The ALJ appropriately considered Albert's statements, and her analysis of those statements was supported by inferences reasonably drawn from the record.

**3.** In 2013, psychologist Joshua Boyd stated, as part of his evaluation of Thomas, that Thomas would "need an understanding supervisor." The ALJ concluded that the need for "an understanding supervisor" was not a proper limitation that could reasonably be addressed by a vocational expert (VE), and thus excluded it from the hypothetical posed to the VE. Thomas's contention that the ALJ erred in doing so is without merit. The district court's determination that this limitation "is simply too vague and unquantifiable to incorporate into the claimant's RFC [residual functional capacity] or into a VE hypothetical" is persuasive. As that court noted, other district-court judges in this circuit have come to a similar conclusion.

Thomas, however, cites *Embrey v. Bowen*, 849 F.2d 418 (9th Cir. 1988), in which this court wrote that hypothetical questions posed to a VE "must set out *all*

3

the limitations and restrictions of the particular claimant." *Id.* at 422 (emphasis in original). But the limitations in *Embrey* were specific characteristics of the plaintiff, such as his "need to rest periodically, his back and chest pains, and the dizziness and blurred vision caused by his diabetes." *Id.* at 423.

The need for "an understanding supervisor" does not represent the same type of restriction. How an ALJ or a VE could interpret that phrase to give it more concrete content is quite unclear. We fail to see, for example, how a VE could evaluate how many jobs of a particular type with an understanding supervisor exist in the relevant economy. Nor does Thomas offer any meaningful support for her alternative theory that the need for an understanding supervisor should be interpreted as a reasonable accommodation.

**4.** There is no apparent conflict between psychologist Boyd's assessment that Thomas could not handle "detailed instructions" and the fact that the jobs identified by the VE require General Educational Development Reasoning Level Two. At this level, individuals must "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." *Dictionary of Occupational Titles* (DOT), App. C, 1991 WL 688702 (4th ed. 1991).

As the district court noted, the Social Security Administration uses a different scheme to assess individuals' abilities than does the DOT. The ALJ was not obligated to conclude that Boyd intended to use the word "detailed" in exactly

the same sense in which the DOT employs it. Boyd's other observations reinforce this analysis. For example, he commented that Thomas was capable of performing "simple, routine type work." Boyd also noted that Thomas's ability to deal with "detailed instructions" was only "moderately," rather than "markedly," limited. Read as a whole, Boyd's report does not conflict with the conclusion that Thomas is capable of Level Two reasoning.

The two primary cases that Thomas relies on to show otherwise are distinguishable. First, in *Zavalin v. Colvin*, 778 F.3d 842 (9th Cir. 2015), this court held that there was an apparent conflict between an RFC to perform "simple, repetitive tasks" and the demands of Level Three reasoning. *Id.* at 847. The jobs at issue in the present case, in contrast, require only Level Two reasoning abilities. Second, in *Rounds v. Commissioner Social Security Administration*, 807 F.3d 996 (9th Cir. 2015), this court held that there was an apparent conflict between the claimant's RFC limiting her to "one- and two-step tasks" and the requirements of Level Two reasoning. *Id.* at 1003. But nothing in the record suggests that Thomas is limited to one- or two-step tasks. Indeed, the *Rounds* court explicitly distinguished that case from other decisions where courts have concluded that "an RFC limitation to 'simple' or 'repetitive' tasks is consistent with Level Two reasoning." *Id.* at 1004 n.6 (collecting cases).

For all of the above reasons, we **AFFIRM**.